2004 SD 45

**Harry SCHILLING, Plaintiff and Appellee,**

v.

**Bruce BACKER, Defendant and Appellant.**

**No. 22882.**

Supreme Court of South Dakota.

Considered on Briefs March 22, 2004.

Decided April 7, 2004.

Jeff Burns of Churchill, Manolis, Freeman, Kludt, Shelton & Burns, Huron, South Dakota, Attorneys for plaintiff and appellee.

Drew C. Johnson, Aberdeen, South Dakota, Attorney for defendant and appellant.

MEIERHENRY, Justice.

[¶ 1.] Harry Schilling filed suit to obtain a prescriptive easement against a private road owned by Bruce Backer. The trial court found in favor of Schilling. Backer appeals. We reverse.

## FACTS

[¶ 2.] Schilling has used a private road to gain access to various lots since 1962.[1] The South Dakota Department of Transportation (DOT) owned the road and the lot which it is on, from the 1950's until 1982. DOT sold the lot and road November 17, 1982. Ownership transferred again in 1989. In 1991, Backer purchased the property. In 2001, Backer placed a no trespassing sign and a fence across the road, blocking Schilling's use. On October 6, 2001, Schilling commenced an action to obtain a prescriptive easement to the road. The trial court issued a prescriptive easement to Schilling. Backer raises on appeal the following issue:

## ISSUE

Whether Schilling can Obtain a Prescriptive Easement to a Road that was Owned by the South Dakota Department of Transportation.

## STANDARD OF REVIEW

[¶ 3.] Findings of fact are reviewed for clear error. *Lien v. Lien,* 2004 SD 8, ¶ 14, 674 N.W.2d 816, 822 (further citations omitted). Conclusions of law are reviewed de novo. *Id.*

## DECISION

[¶ 4.] Under South Dakota law, twenty years of adverse use is required in order to acquire a prescriptive easement on real property. SDCL 15–3–1; *Travis v. Madden,* 493 N.W.2d 717, 720 (S.D. 1992); *Steiner v. County of Marshall,* 1997 SD 109, ¶ 18, 568 N.W.2d 627, 631–32. Schilling commenced this action on Octo-

ber 6, 2001. In order to prevail, Schilling had to prove that he had adversely used the road for 20 or more years prior to commencement. The record shows that he used the road since 1962, almost 30 years. Backer claims, however, that because DOT owned the lot and the road until November 17, 1982, Schilling's use could not be considered adverse until after DOT sold it. In *Steiner v. Marshall County,* we stated, "one cannot obtain a prescriptive easement against the government." 1997 SD 109, ¶ 23, 568 N.W.2d 627, 632–33. Based on this Court's holding in *Steiner,* Backer asserts that Schilling cannot include the 1962–1982 timeframe for his prescriptive easement time requirement. We agree.

[¶ 5.] SDCL 15–3–1 requires "twenty years *before* the commencement" of an adverse possession claim. *Id.* (emphasis added). The earliest that Schilling's adverse possession could have commenced was after DOT sold it on November 17, 1982. Twenty years of continuous adverse use would not have transpired until November 18, 2002. In 2001, Backer blocked Schilling's access and use of the road.[2] Schilling brought his prescriptive easement claim on October 6, 2001. Consequently, Schilling cannot maintain a prescriptive easement claim under SDCL 15–3–1 because he cannot show that he adversely used the road for twenty years subsequent to the time the government owned it. We reverse the trial court's issuance of a prescriptive easement. Because of our holding on Issue I, we need not reach the other issues raised on appeal.

1. Schilling purchased the lots at different times.

2. Schilling "must prove open, visible, continuous and unmolested use of the property for twenty (20) years." *Kokesh v. Running,* 2002

SD 126, ¶ 13, 652 N.W.2d 790, 794. Once Backer blocked Schilling's access to the road (installed a fence), Schilling was no longer using the property and therefore time towards the 20–year requirement ceased.

[¶ 6.] GILBERTSON, Chief Justice, and SABERS, KONENKAMP, and ZINTER, Justices, concur.